Patricia **SCHINDLER,** Executrix of the Estate of Catherine Plecha, Deceased, and Patricia Schindler, Executrix of the Estate of James Plecha, Deceased

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation.**

Civ. A. No. 85–295 Erie.

United States District Court, W.D. Pennsylvania.

Oct. 8, 1986.

Ted G. Miller, Erie, Pa., for plaintiff.
John G. Gent, Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This motion for summary judgment involves whether full faith and credit shall be given to a New York declaratory default judgment. A second issue, the effect to be given in Pennsylvania of a statutory provision of New York insurance law barring the cause of action pleaded here becomes moot if full faith and credit is accorded.

The facts are involved. Husband and wife, residents of New York, driving their automobile licensed in New York and insured in New York by the husband as named insured, were both killed in an automobile accident in Pennsylvania. Schindler, plaintiff herein, was appointed Executrix of both estates. Schindler, wife's executrix, brought suit against herself as husband's executrix in a state court in Penn-

sylvania, on May 6, 1982 claiming that wife's death resulted from the negligence of husband driver. Notice of this suit was given to American Motorists Insurance Company, husband's insurer, which refused to appear, defend, or provide coverage. The Pennsylvania court action proceeded to a default judgment which was not appealed.

On June 18, 1982, American Motorists brought suit in the New York state court against husband's Executrix asking for a declaratory judgment that it owed no coverage and had no obligation to defend the Pennsylvania state action. The Executrix was duly served but entered no appearance, and the matter proceeded to default judgment of no obligation to defend, and no liability.

We must note at this time that Patricia Schindler is Executrix for both decedents, and in the New York action she was named defendant and served but allowed that action to go by default; in the Pennsylvania action she was both plaintiff and defendant and allowed that to go to default. She appears to have created a conflict of interests and to have violated her duty as a fiduciary to protect the assets of husband's estate. This could easily have been avoided.

With this background, Patricia Schindler, as the Executrix of both husband and wife, brought suit in Erie County, Pennsylvania, in Common Pleas Court, for a declaratory judgment against husband's insurer, American Motorists, to establish its liability for the amount of the default judgment previously entered in that court and for excess liability for the insurance carrier's breach of its fiduciary duty. American Motorists removed this action to this court under 28 U.S.C. 1441(a) and here we are.

The issue here, the liability of American Motorists Insurance Company for coverage and representation, has been raised and answered in a New York state court in a prior action between these same parties. The plaintiff here was the defendant in the New York state action. She was duly served, but allowed the action to go to default. The New York state court, on

July 27, 1982, entered an order that American Motorists Insurance Company had no duty to defend or obligation to pay any judgment in an action by the estate of the deceased husband.

Defendant has moved to dismiss the present suit under F.R.C.P. 56 on the grounds, *inter alia,* that the New York state judgment is *res judicata* on this issue between the parties and that the New York state judgment is entitled to full faith and credit. We find no disputed genuine issues of material fact and the matter is proper for consideration under Rule 56.

Article IV Section 1 of the Constitution of the United States says:

Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State.

And Congress has provided that:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. 1738.

To begin, we note that a judgment by default, "a judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata,* in the absence of fraud or collusion, even if obtained upon a default." *Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947).

There is no dispute here that New York had *in personam* jurisdiction over the defendant in that action (the plaintiff here) and that it had subject matter jurisdiction over the matter in controversy, a contract of insurance with a New York resident.

However, the full faith and credit clause does not require one state to apply another state's law in violation of its own legitimate public policy. *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979).

To those readers of this opinion, if any, aside from the counsel involved, who have followed us this far and wonder what the dispute is all about, we now reveal the real issue:

The New York Insurance Law, Section 167(3), in effect at the time of the accident, provides:

No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse ... unless provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recovery, must prove the culpable conduct of the insured spouse.

This is a provision of the New York Insurance Law; it is not an interspousal immunity provision.

On the other hand, Pennsylvania has no doctrine of interspousal immunity which would bar this suit. *Hack v. Hack,* 495 Pa. 300, 433 A.2d 859 (1981); *Johnson v. Peoples F.N.B.,* 394 Pa. 116, 145 A.2d 716 (1958). Nor has it any statute limiting an insurer's liability as does the New York statute.

Thus, we come to a problem of whether the application of New York law or the giving of full faith and credit to a New York judicial decision based on that law is interdicted by a Pennsylvania public policy. It is the same fundamental problem that gave rise to the litigation which produced the landmark *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964) decision, a statutory limitation on death damages in the state where death occurred, no limitation in the state of domicile.

We believe that the *res judicata* and full faith and credit issue here may be addressed by the same considerations as govern choice of law problems. Whether a federal court in Pennsylvania exercising diversity jurisdiction, facing the same issue as did the New York court, would come to the same conclusion as did the New York court, may depend on the choice of law to be applied. However, the opportunity to argue the nonapplicability of the New York statute to the question was waived by the

present plaintiff by her failure to appear in the New York action. It is apparent to this court from plaintiff's arguments that matters in opposition might have been raised before the New York court as to the effect of the "all states endorsement" to the policy of the application of the *lex loci delecti* rule.

Therefore, a federal judge sitting in Pennsylvania looks to the Pennsylvania choice of law rules to determine which law should be applied. The Pennsylvania choice of law rule rejects the application of *lex loci* in favor of "a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." *Griffith, supra,* 416 Pa. at 21, 203 A.2d 796. Later, the author of *Griffith* expanded this explanation, "to determine the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of the law." *McSwain v. McSwain,* 420 Pa. 86, 215 A.2d 677 (1966). In *McSwain,* the Pennsylvania court rejected the *lex loci delecti* rule of Colorado and used the Pennsylvania interspousal immunity statute to bar a suit between spouses who were Pennsylvania domiciliaries. Justice Roberts, the author of *Griffith,* gave an informative review of the trend of many states to reject the *lex loci delecti* rule in his opinion in *McSwain.*

The same choice of law analysis as is applied in tort actions has also been employed in contract actions. *DuSesoi v. United Refiing Co.,* 540 F.Supp. 1260 (W.D.Pa.1982). In that case this court relied on Restatement (Second) *Conflict of Law,* Sec. 188:

> In examining the contact that a jurisdiction has with the transaction one looks to a number of factors including: the place of contracting; the place of negotiation of the contract; the place of performance of the contract; the location of the subject matter of the contract; and the domicile or residence of the parties to the transaction.

We are dealing here with the enforcement of a contract of insurance. The defendant insurance company is an Illinois corporation, but otherwise Illinois has no sovereign interest in the matter.

The fatal accident happened in Pennsylvania and a Pennsylvania court entered a default judgment against deceased husband's estate when the present plaintiff, as his Executrix, failed to appear and defend.

Pennsylvania's only contact with this matter arises from the locus of the fatal accident in Pennsylvania. While this would give Pennsylvania courts *in personam* jurisdiction over the driver, otherwise Pennsylvania has little interest in the matter, except to protect local creditors, such as those rendering medical services. In fact, we are not enlightened as to the basis for any wrongful death or survival action damages under Pennsylvania law here since it appears tangentially that all the statutory beneficiaries of deceased wife were killed in the same accident.

In conclusion, we hold that the judgment of the New York state court must be given full faith and credit. The New York court had personal jurisdiction of the parties and the subject matter, a full and complete opportunity to contest the applicability of the New York Insurance law was afforded, but was ignored by the failure of the present plaintiff to appear and defend. There is no strong Pennsylvania public policy that opposes giving full faith and credit to the New York judgment. This judgment disposes of all issues that were raised or could have been raised. The New York judgment is *res judicata* and we are bound by it. The action will be dismissed with prejudice.

### ORDER

AND NOW, this 8th day of October, 1986, upon consideration of defendant's motion for summary judgment and the briefs and oral arguments of counsel, IT IS ORDERED that the motion is GRANTED and declaratory judgment is entered for defendant that American Motorists Insurance Company had no duty to defend the action against the Estate of James Plecha in Erie County, Pennsylvania brought by the present plaintiff and has no obligation to pay any judgment for damages rendered in that action.